(Reap. Dec. 9791)

Sears, Roebuck and Co., c/o Frank P. Dow Co., Inc. *v.* United States

Entry Nos. 2201; 264; 3596.

(Decided October 3, 1960)

*Lane, Young & Fox* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

Wilson, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the above appeals for reappraisement consists of bamboo blinds, bamboo porch shades, and sets of hardware accessories imported from Japan; and that each bamboo blind and bamboo porch shade, as invoiced, is accompanied by one set of hardware accessories.

That on or about the dates of exportation of the merchandise hereinbefore described, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, as follows: The merchan-

dise covered by the invoices of Oriental Blind Co., Ltd. at the appraised unit values, plus bale and packing charge, as invoiced; and the merchandise covered by the invoices of Daimaru Kogyo Kaisha, Ltd. at the appraised unit values, packed; that said unit values include the cost of the sets of hardware accessories, which cost is 3 cents (U.S. Cy) per set of hardware accessories; and that there was no higher foreign value.

That the above appeals for reappraisement are limited to the merchandise hereinbefore described and are abandoned as to all other merchandise; and that said appeals may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value for the merchandise covered by the appeals herein is as follows: the merchandise covered by the invoices of Oriental Blind Co., Ltd., are properly dutiable at the appraised unit values, plus bale and packing charge, as invoiced; and the merchandise covered by the invoices of Daimaru Kogyo Kaisha, Ltd., are properly dutiable at the appraised unit values, packed. Said unit values include the cost of the sets of hardware accessories, which cost is 3 cents (U.S. currency) per set of hardware accessories.

These appeals having been abandoned insofar as they relate to all other merchandise, to that extent, the appeals are dismissed.

Judgment will be entered accordingly.